IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2004**

Charles R. Fulbruge III
Clerk

_____

No. 03-41610
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FRANCISCO HERNANDEZ RIVERA,
also known as Hugo Alberto Ugarte-Duarte,

Defendant-Appellant.

--------------------------
Consolidated with
No. 03-41615
--------------------------

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FRANCISCO HERNANDEZ RIVERA,
also known as Jose Albert Gonzalez-Gonzalez,
also known as Luis Alberto Lacayo-Perez,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. B-01-CR-467-1
B-03-CR-608-1
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Jose Francisco Hernandez-Rivera appeals his guilty-plea conviction for illegal reentry following deportation subsequent to a conviction for a felony (No. 03-41610) and the revocation of his supervised release on a charge of illegal reentry (No. 03-41615). He argues, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and he raises it for possible review by the Supreme Court.

This argument is foreclosed by Almendarez-Torres, 523 U.S. at 235. We must follow the precedent set forth in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

Hernandez-Rivera argues that if the court grants his requested relief and vacates and remands for resentencing, the court should also remand the district court's revocation of his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release for reconsideration in light of the reduced seriousness of the illegal-reentry offense. Hernandez-Rivera does not brief any argument concerning how or why any potential reduction in his sentence stemming for his conviction for illegal reentry following deportation subsequent to a conviction for a felony would have any bearing on the sentence the district court imposed upon revocation of his supervised release. He has therefore abandoned his appeal from the revocation of his supervised release. <u>United States v. Valdiosera-Godinez</u>, 932 F.2d 1093, 1099 (5th Cir. 1991).

AFFIRMED.